**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 15-1060-cv (L)                 Caption [use short title]

**Motion for:** Motion to Dismiss

Aurelius Opportunities Fund II v. Republic of Argentina

Set forth below precise, complete statement of relief sought:

Appellees respectfully request that this Court dismiss the Republic of

Argentina's consolidated appeals from the district court's March 12, 2015 order

denying a motion to vacate the district court's prior order dated

July 28, 2014, which this Court previously held (in appeal No. 14-2689)

was not appealable because that order merely clarified the Injunction

that this Court affirmed in 699 F.3d 246 (2012); 727 F.3d 230 (2013).

| **MOVING PARTY:** NML Capital, Ltd. | **OPPOSING PARTY:** Republic of Argentina |
|---|---|
| ☑ Plaintiff    ☐ Defendant | |
| ☐ Appellant/Petitioner    ☑ Appellee/Respondent | |

**MOVING ATTORNEY:** Matthew D. McGill          **OPPOSING ATTORNEY:** Carmine D. Boccuzzi

[name of attorney, with firm, address, phone number and e-mail]

| | |
|---|---|
| Gibson, Dunn & Crutcher LLP | Cleary Gottlieb Steen & Hamilton LLP |
| 1050 Connecticut Ave., NW // Washington, DC 20036 | One Liberty Plaza // New York, NY 10006 |
| (202) 955-8500 // mmcgill@gibsondunn.com | (212) 225-2000 // cboccuzzi@cgsh.com |

**Court-Judge/Agency appealed from:** Southern District of New York (Griesa, J.)

**Please check appropriate boxes:**                    **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):     Has request for relief been made below?          ☐ Yes ☐ No
☑ Yes ☐ No (explain):                                   Has this relief been previously sought in this Court?     ☐ Yes ☐ No
                                                        Requested return date and explanation of emergency:

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☑ Yes ☐ No ☐ Don't Know

Is oral argument on motion requested?    ☐ Yes ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes ☑ No  If yes, enter date:

**Signature of Moving Attorney:**
/s/  Matthew D. McGill          **Date:** 4/27/2015          Service by: ☑ CM/ECF    ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

| | |
|---|---|
| AURELIUS OPPORTUNITIES FUND II, LLC , AURELIUS CAPITAL MASTER, LTD., | |
| Plaintiffs-Appellees, | |
| v. | No. 15-1060-cv (L) |
| REPUBLIC OF ARGENTINA, | |
| Defendant-Appellant. | |
| PABLO ALBERTO VARELA, LILA INES BURGUENO, MIRTA SUSANA DIEGUEZ, MARIA EVANGELINA CARBALLO, LEANDRO DANIEL POMILIO, SUSANA AQUERRETA, MARIA ELENA CORRAL, TERESA MUNOZ DE CORRAL, NORMA ELSA LAVORATO, CARMEN IRMA LAVORATO, CESAR RUBEN VAZQUEZ, NORMA HAYDEE GINES, MARTA AZUCENA VAZQUEZ, | |
| Plaintiffs-Appellees, | No. 15-1047-cv (con.) |
| v. | |
| REPUBLIC OF ARGENTINA, | |
| Defendant-Appellee. | |

(*captions continue on following pages*)

## APPELLEES' MOTION TO DISMISS

NML CAPITAL, LTD.,

                Plaintiff-Appellee,

    v.

REPUBLIC OF ARGENTINA,

                Defendant-Appellant.

No. 15-1052-cv (con.)

NML CAPITAL, LTD.,

                Plaintiff-Appellee,

    v.

REPUBLIC OF ARGENTINA,

                Defendant-Appellant.

No. 15-1056-cv (con.)

NML CAPITAL, LTD.,

                Plaintiff-Appellee,

    v.

REPUBLIC OF ARGENTINA,

                Defendant-Appellant.

No. 15-1059-cv (con.)

OLIFANT FUND LTD.,

       Plaintiff-Appellee,

   v.

REPUBLIC OF ARGENTINA,

       Defendant-Appellant.

No. 15-1061-cv (con.)

AURELIUS CAPITAL MASTER, LTD.,
AURELIUS OPPORTUNITIES FUND II,
LLC,

       Plaintiffs-Appellees,

   v.

REPUBLIC OF ARGENTINA,

       Defendant-Appellant.

No. 15-1067-cv (con.)

AURELIUS CAPITAL MASTER, LTD.,
AURELIUS OPPORTUNITIES FUND II,
LLC,

       Plaintiffs-Appellees,

   v.

REPUBLIC OF ARGENTINA,

       Defendant-Appellant.

No. 15-1073-cv (con.)

AURELIUS CAPITAL MASTER, LTD.,
ACP MASTER, LTD.,

    Plaintiffs-Appellees,

  v.

REPUBLIC OF ARGENTINA,

    Defendant-Appellant.

No. 15-1074-cv (con.)

---

AURELIUS CAPITAL MASTER, LTD.,
AURELIUS OPPORTUNITIES FUND II,
LLC,

    Plaintiffs-Appellees,

  v.

REPUBLIC OF ARGENTINA,

    Defendant-Appellant.

No. 15-1075-cv (con.)

---

AURELIUS CAPITAL MASTER, LTD.,
ACP MASTER, LTD.,

    Plaintiffs-Appellees,

  v.

REPUBLIC OF ARGENTINA,

    Defendant-Appellant.

No. 15-1084-cv (con.)

BLUE ANGEL CAPITAL I LLC,

                Plaintiff-Appellee,

    v.

REPUBLIC OF ARGENTINA,

                Defendant-Appellant.

No. 15-1095-cv (con.)

BLUE ANGEL CAPITAL I LLC

                Plaintiff-Appellee,

    v.

REPUBLIC OF ARGENTINA,

                Defendant-Appellant.

No. 15-1106-cv (con.)

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, undersigned counsel state that:

NML Capital, Ltd. is not publicly traded and has no corporate parent, and no publicly held corporation owns 10% or more of its stock.

Aurelius Capital Master, Ltd. ("ACM") is an exempted company with limited liability incorporated in the Cayman Islands. Aurelius Capital International, Ltd., is the parent of ACM. No publicly held corporation owns 10% or more of the stock of ACM.

ACP Master, Ltd. is an exempted company with limited liability incorporated in the Cayman Islands. Aurelius Capital Partners, LP, is the parent of ACP Master, Ltd. Aurelius Capital GP, LLC is the sole general partner of Aurelius Capital Partners, LP, and is the indirect parent of ACP Master, Ltd. No publicly held corporation owns 10% or more of the stock of ACP Master, Ltd.

Aurelius Opportunities Fund II, LLC ("AOF") is a limited liability company organized and existing under the laws of the State of Delaware. AOF is not a corporation and therefore Rule 26.1 does not require any disclosures with respect to it.

Blue Angel Capital I LLC ("Blue Angel") is a limited liability company organized and existing under the laws of the State of Delaware. Blue Angel is not

i

a corporation and therefore Rule 26.1 does not require any disclosures with respect to it.

Olifant Fund, Ltd., is not publicly traded; its parent corporation is ABIL, Ltd., and no publicly held corporation owns 10% or more of its stock.

Pablo Alberto Varela, Lila Ines Burgueno, Mirta Susana Dieguez, Maria Evangelina Carballo, Leandro Daniel Pomilio, Susana Aquerreta, Maria Elena Corral, Teresa Munoz de Corral, Norma Elsa Lavorato, Carmen Irma Lavorato, Cesar Ruben Vazquez, Norma Haydee Gines, and Marta Azucena Vazquez are not corporations, and therefore Rule 26.1 does not require any disclosures with respect to them.

# TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................1

BACKGROUND ....................................................................................2

ARGUMENT ..........................................................................................4

THIS COURT LACKS APPELLATE JURISDICTION. ........................4

CONCLUSION ......................................................................................7

# TABLE OF AUTHORITIES

<u>Page(s)</u>

**Cases**

*Aurelius Capital Master, Ltd. v. Republic of Argentina*,
   No. 14-2689 (2d Cir. Sept. 19, 2014) ..................................................... 1, 4, 6, 7

*Kapco Mfg. Co. v. C & O Enterprises, Inc.*,
   773 F.2d 151 (7th Cir. 1985) ..................................................................6

*Mikel v. Gourley*,
   951 F.2d 166 (8th Cir. 1991) ..................................................................5

*Motorola Credit Corp. v. Uzan*,
   561 F.3d 123 (2d Cir. 2009) ...................................................................7

*NML Capital, Ltd. v. Republic of Argentina*,
   699 F.3d 246 (2d Cir. 2012) ................................................................2, 7

*NML Capital, Ltd. v. Republic of Argentina*,
   727 F.3d 230 (2d Cir. 2013) ...................................................................3

*NML Capital, Ltd. v. Republic of Argentina*,
   No. 14-2922 (2d Cir. Oct. 22, 2014) .......................................................7

*NML Capital, Ltd. v. Republic of Argentina*,
   No. 14-4134 (2d Cir. Apr. 7, 2015) .........................................................7

*Pimentel & Sons Guitar Makers, Inc. v. Pimental*,
   477 F.3d 1151 (10th Cir. 2007) ...............................................................5

*Republic Supply Co. of Cal. v. Richfield Oil Co. of Cal.*,
   74 F.2d 909 (9th Cir. 1935) ....................................................................6

*Transaero, Inc. v. La Fuerza Aerea Boliviana*,
   99 F.3d 538 (2d Cir. 1996) .....................................................................6

*Weight Watchers Int'l, Inc. v. Luigino's, Inc.*,
   423 F.3d 137 (2d Cir. 2005) ...................................................................5

*Wilder v. Bernstein*,
   49 F.3d 69 (2d Cir. 1995) .......................................................................5

# TABLE OF AUTHORITIES
## (continued)

Page(s)

**Statutes**

28 U.S.C. § 1292 ...................................................................................4, 5

**Other Authorities**

C. Wright, Miller, and Cooper, *Federal Practice and Procedure* (2d
    ed. 2015) .........................................................................................6

NML Capital, Ltd., Aurelius Capital Master, Ltd., ACP Master, Ltd., Aurelius Opportunities Fund II, LLC, Blue Angel Capital I LLC, Olifant Fund Ltd., and Pablo Alberto Varela, *et al.* ("Appellees"), respectfully move, pursuant to Rule 27 of the Federal Rules of Appellate Procedure, to dismiss these consolidated appeals from the district court's order of March 12, 2015 that denied a motion to vacate an earlier order clarifying an injunction.

## INTRODUCTION

In August of last year, the Republic of Argentina ("Argentina") appealed from an order (the "July 28 Order") holding that certain U.S. dollar-denominated Argentine law bonds ("U.S. Dollar Argentine Law Exchange Bonds") were covered by an injunction issued by the district court. This Court dismissed Argentina's appeal for lack of jurisdiction, concluding that the July 28 Order was a "clarification, not a modification" of the injunction and thus could not be appealed. *Aurelius Capital Master, Ltd. v. Republic of Argentina*, No. 14-2689, D.E. 167 (2d Cir. Sept. 19, 2014).

After this Court dismissed that appeal, nonparty Citibank, N.A. moved the district court to "vacate" the July 28 Order; Argentina did not itself move for relief, but urged the district court to grant Citibank's motion. On March 12, 2015, the district court denied the motion, rejected all arguments supporting the motion, and reaffirmed that its injunction covers the U.S. Dollar Argentine Law Exchange

Bonds. Argentina now appeals from the district court's denial of the motion to vacate.

This Court lacks jurisdiction over these appeals. The March 12 Order did not modify the injunction. Instead, it declined to vacate the July 28 Order, which this Court held itself was an unappealable clarification of the underlying injunction. Under this Court's controlling (and common-sense) precedent that parties cannot manufacture appellate jurisdiction by moving to vacate nonappealable orders, there is no appellate jurisdiction over these appeals.

Accordingly, this Court should dismiss Argentina's appeals.

## BACKGROUND

In 2012, the district court entered an injunction against Argentina, providing:

> Whenever the Republic pays any amount due under terms of the bonds . . . issued pursuant to the Republic's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange Offers that may occur in the future (collectively, the "Exchange Bonds"), the Republic shall concurrently or in advance make a "Ratable Payment" to [Appellees].
> . . .
> The Republic is ENJOINED from . . . making any payment under the terms of the Exchange Bonds without . . . making a Ratable Payment to [Appellees].

D.E. 425 ¶ 2(a), (d) (the "Injunction").[1] This Court has twice upheld the Injunction, and the Supreme Court has twice denied Argentina's petitions for

---

[1] Unless otherwise indicated, "D.E." refers to docket entries in district court case No. 08-cv-6978 (S.D.N.Y.).

*certiorari. See NML Capital, Ltd. v. Republic of Argentina*, 699 F.3d 246, 261-64 (2d Cir. 2012) ("*NML I*"), *cert. denied*, 134 S. Ct. 201 (2013); *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230, 240-48 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 2819 (2014).

On June 16, 2014, Citibank—which processed payments under the U.S. Dollar Argentine Law Exchange Bonds—filed a motion for "clarification," seeking to exclude the U.S. Dollar Argentine Law Exchange Bonds and certain peso-denominated Exchange Bonds from the Injunction. D.E. 550. The district court initially granted Citibank's motion on June 27, 2014. D.E. 547. Soon after, Appellees moved for partial reconsideration, explaining that the U.S. Dollar Argentine Law Exchange Bonds are "Exchange Bonds" within the meaning of the Injunction. D.E. 586. The district court agreed. On July 28, 2014, the court issued an order "rescinding" its June 27, 2014 order, and making clear that the U.S. Dollar Argentine Law Exchange Bonds are "Exchange Bonds" covered by the Injunction. July 28 Order at 3.

Argentina and Citibank appealed from the July 28 Order, contending, *inter alia*, that the U.S. Dollar Argentine Law Exchange Bonds are not "Exchange Bonds" covered by the Injunction. Argentina Reply Br. 11-17, *Aurelius Capital Master, Ltd. v. Republic of Argentina*, No. 14-2689, D.E. 136 (2d Cir. Sept. 5, 2014).

3

Noting at oral argument that the Injunction was "pellucid," Sept. 18, 2014 Tr. (D.E. 746, Ex. 8) at 10:10-11, this Court dismissed Argentina's appeal for lack of jurisdiction, concluding that the July 28 Order was a mere "clarification, not modification" of the Injunction. *Aurelius Capital Master, Ltd. v. Republic of Argentina*, No. 14-2689, D.E. 167 (2d Cir. Sept. 19, 2014).

Bounced from the court of appeals, Citibank then moved in the district court to "vacate [the] July 28 Order." D.E. 668 at 1. Argentina filed a brief in support of Citibank's motion. D.E. 673. The district court denied the motion to vacate the July 28 Order on March 12, 2015 (the "March 12 Order," D.E. 762). In doing so, the court reaffirmed that the Injunction, by its plain terms, covers the U.S. Dollar Argentine Exchange Bonds because those bonds are "Exchange Bonds." March 12 Order at 6, 9 (explaining that the Injunction "prohibits . . . making payments on *exchange bonds*," and that the U.S. Dollar Argentine Law Exchange Bonds are "Exchange Bonds") (emphasis in original). Argentina now appeals. D.E. 776. Citibank, the actual movant, has declined to appeal.

## ARGUMENT

## THIS COURT LACKS APPELLATE JURISDICTION.

Argentina's notice of appeal invokes jurisdiction under 28 U.S.C. § 1292(a)(1), which permits appeals from "interlocutory orders . . . modifying . . . injunctions," and asserts that the March 12 "Order erroneously modified and extended the injunctions," D.E. 776 at 1-2. Argentina is mistaken. The March 12

4

Order neither "modified" nor "extended" the Injunction. As in the July 28 Order, the district court in the March 12 Order concluded that the Injunction covers the U.S. Dollar Argentine Law Exchange Bonds. March 12 Order at 6-9. Far from "alter[ing] the legal relationship between the parties," *Pimentel & Sons Guitar Makers, Inc. v. Pimental*, 477 F.3d 1151, 1154 (10th Cir. 2007), by denying the motion to vacate the July 28 Order, the March 12 Order left the Injunction exactly as it stood after the July 28 Order, which itself only *clarified* the Injunction.

Although orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions" are appealable, 28 U.S.C. § 1292(a)(1), "[a] mere *clarification* of an injunction is not," *Mikel v. Gourley*, 951 F.2d 166, 168 (8th Cir. 1991) (emphasis added); *see also Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 141 (2d Cir. 2005) ("An order reconsidering or interpreting a preliminary injunction consequently is not appealable."); *Wilder v. Bernstein*, 49 F.3d 69, 72-73 (2d Cir. 1995). That is because an order clarifying an injunction "does not change the status of the parties, but merely restates that relationship in new terms." *Pimentel & Sons*, 477 F.3d at 1154; *accord Weight Watchers*, 423 F.3d at 141.

The July 28 Order was a paradigmatic nonappealable clarification order. There, the July 28 Order held that the U.S. Dollar Argentine Law Exchange Bonds are "Exchange Bonds" under the Injunction—it did not change a word of the Injunction. D.E. 613. This Court dismissed the appeals from that order for lack of

jurisdiction, concluding that the July 28 Order was not a modification of the Injunction, but rather was a clarification of the Injunction. *Aurelius Capital Master, Ltd. v. Republic of Argentina*, No. 14-2689, D.E. 167 (2d Cir. Sept. 19, 2014).

The denial of the motion to vacate the July 28 clarification is no more appealable than the July 28 clarification itself. *See*, *e.g.*, *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996) (motion to vacate order that was not a final judgment was not appealable); *Kapco Mfg. Co. v. C & O Enterprises, Inc.*, 773 F.2d 151, 153 (7th Cir. 1985) (Easterbrook, J.) ("[T]he denial of [a] motion to set aside" a nonappealable order is not appealable.); *Republic Supply Co. of Cal. v. Richfield Oil Co. of Cal.*, 74 F.2d 909, 910 (9th Cir. 1935) (An "order denying a motion to vacate or modify" a non-final order "is likewise not appealable."); 15B C. Wright, Miller, and Cooper, *Federal Practice and Procedure* § 3916 (2d ed. 2015) ("Denial of a motion for relief from an interlocutory order is not final, for the sound reason that an indirect means should not be provided to appeal a nonappealable order."). These authorities reflect the common sense proposition that a litigant cannot manufacture appellate jurisdiction over a nonappealable order simply by moving to vacate it. To hold otherwise would allow Argentina—already burdening this Court's docket with

jurisdictionally improper appeals[2]—to extend litigation over the district court's twice-affirmed Injunction indefinitely.[3]

## CONCLUSION

This Court should dismiss these consolidated appeals.

---

[2] *See NML Capital, Ltd. v. Republic of Argentina*, No. 14-4134 (2d Cir. Apr. 7, 2015) (dismissing appeal from contempt finding where district court had not yet entered sanctions); *NML Capital, Ltd. v. Republic of Argentina*, No. 14-2922 (2d Cir. Oct. 22, 2014) (dismissing appeal from order clarifying that Rule 65(d)(2) "prohibited [the Bank of New York Mellon] from assisting Argentina in evading" the Injunction); *Aurelius Capital Master, Ltd. v. Republic of Argentina*, No. 14-2689, D.E. 167 (2d Cir. Sept. 19, 2014) (dismissing appeal from the July 28 Order); *NML I*, 699 F.3d at 256 n.9 (dismissing appeals from order finding that Argentina breached its contract, but without issuing a remedy).

[3] Moreover, Argentina has continued to flout the Injunction openly and repeatedly, by (among other things) attempting to make payments on the Exchange Bonds in violation of the Injunction. Although Appellees need not cover this ground in this Motion to Dismiss, Appellees note that a party cannot act with total disregard for U.S. courts' authority, yet seek their indulgence on appeal. *See Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 127-30 & n.7 (2d Cir. 2009).

Respectfully submitted,

April 27, 2015                                  By: /s/ Matthew D. McGill

Robert A. Cohen                                Theodore B. Olson
(robert.cohen@dechert.com)                     (tolson@gibsondunn.com)
Denis H. Hranitzky                             Matthew D. McGill
(dennis.hranitzky@dechert.com)                 (mmcgill@gibsondunn.com)
DECHERT LLP                                    Jason J. Mendro
1095 Avenue of the Americas                    (jmendro@gibsondunn.com)
New York, N.Y.  10036-6796                     GIBSON, DUNN & CRUTCHER LLP
(212) 698-3500                                 1050 Connecticut Avenue, N.W.
                                               Washington, D.C.  20036-5306
                                               (202) 955-8500

*Attorneys for Plaintiff-Appellee NML Capital, Ltd.*

Edward A. Friedman                             Roy T. Englert, Jr.
(efriedman@fklaw.com)                          (renglert@robbinsrussell.com)
Daniel B. Rapport                              Mark T. Stancil
(drapport@fklaw.com)                           (mstancil@robbinsrussell.com)
FRIEDMAN KAPLAN SEILER &                       ROBBINS, RUSSELL, ENGLERT,
ADELMAN LLP                                    ORSECK, UNTEREINER &
7 Times Square                                 SAUBER LLP
New York, N.Y. 10036                           1801 K Street, N.W.
(212) 833-1100                                 Washington, D.C. 20006
                                               (202) 775-4500

*Attorneys for Plaintiffs-Appellees Aurelius Capital Master, Ltd., Aurelius*
*Opportunities Fund II, LLC, ACP Master, Ltd., and Blue Angel Capital I LLC*

William M. Jay
(wjay@goodwinprocter.com)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C.  20001
(202) 346-4000

Stephen D. Poss
(sposs@goodwinprocter.com)
Robert D. Carroll
(rcarroll@goodwinprocter.com)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
(617) 570-1000

*Attorneys for Plaintiff-Appellee Olifant Fund, Ltd.*

Michael C. Spencer
(mspencer@milberg.com)
MILBERG LLP
One Pennsylvania Plaza
New York, N.Y. 10119
(212) 594-5300

*Attorney for Plaintiffs-Appellees
Alberto Varela, et al.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this April 27, 2015, a true and correct copy of

the foregoing Appellees' Motion to Dismiss was served on the following counsel

of record in this appeal via CM/ECF pursuant to Local Rule 25.1 (h)(1) & (2).

/s/ Matthew D. McGill

Carmine D. Boccuzzi, Jr., Esq.
Cleary Gottlieb Steen & Hamilton LLP
1 Liberty Plaza
New York, N.Y. 10006

Jonathan I. Blackman, Esq.
Cleary Gottlieb Steen & Hamilton LLP
City Place House
55 Basinghall Street
London, EC2V 5EH
England

1